(No. 6257)

ATKINS, BARROW AND GRAHAM, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1973.*

D. V. DOBBINS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

The claimant filed a claim in the amount of $1,950.00 for architectural services rendered by it in connection with the construction of a building at Jackson State Hospital erected by the Illinois Building Authority. Claimant had a contract with the Illinois Building Authority to render services and was paid for all services rendered except for the additional services forming the bases for this claim.

A joint stipulation was entered into between claimant and the Assistant Attorney General consenting to an entry of an award in the amount of $1,950.00. The theory of the claimant was that the refusal for payment was solely due to the fact that funds appropriated had lapsed.

Subsequent to the signing of said stipulation, the State filed a motion requesting that the joint stipulation be disregarded and that the claim be dismissed. In connection with the motion to disregard the stipulation, it is the State's contention that the stipulation was erroneous and argues that since the Illinois Building Authority was a "body corporate" that any action for such services would lie in an action at law and not in a claim before the Court of Claims.

In the file, there is correspondence indicating that the Department of Mental Health had actually contracted for

the services for which compensation would be paid to the claimant.

This Court entered an order allowing the dismissal of the stipulation and denying the motion to dismiss and remanded it to the Commissioner for the sole purpose of determining whether the services were rendered to the Illinois Building Authority or to the Department of Mental Health. Subsequent to said decision, the Commissioner held a hearing and made a report of proceedings.

It appears from the record that after the original contract was entered into with the Building Authority, that the Department of Mental Health requested certain changes and that these changes were authorized by the Supervising Architect.

It further appears from the record that said changes were made satisfactorily as far as the Department of Mental Health was concerned.

The record discloses that there was a meeting held on April 25, 1967, at which meeting were the representatives of the Department of Mental Health, the Jacksonville State Hospital, the Department of Supervising Architect and representatives from the claimant. The changes suggested were concurred in by the Department of Supervising Architect's office, the changes were made, and the structure completed according to the changes.

The record discloses that the goods or services were ordered by authorized personnel in the Office of the Supervising Architect and the Department of Mental Health, and that the services were properly performed. The record further discloses that the Office of the Supervising Architect requested that this fee be paid since it had been earned by the associate architect, and the Department of Mental Health agreed with said request.

It is therefore clear that the services rendered by the claimant were services requested by the representatives of the State and the work was accomplished in a satisfactory manner.

Award is hereby made to the claimant in the amount of $1,950.00.